NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| ANDREW M. PODEMS, | ) | |
| | ) | Supreme Court No. S-15751 |
| Appellant, | ) | |
| | ) | Superior Court No. 3PA-11-02117 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| MICHELE L. PODEMS, | ) | AND JUDGMENT* |
| n/k/a Michele L. Piech, | ) | |
| | ) | No. 1623 – March 29, 2017 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Gregory Heath, Judge.

Appearances: Andrew Podems, pro se, Newton, New Jersey, Appellant. Michele Piech, pro se, Union, New Jersey, Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

This appeal follows *Podems v. Podems*,[1] in which we remanded to the superior court a limited issue — finalizing the division of Michele's retirement account with a qualified domestic relations order matching the court's 50/50 property division and protecting Andrew's interest in light of Michele's loan taken against her retirement

---

\*    Entered under Alaska Appellate Rule 214.

[1]    No. S-15242, 2014 WL 1421968 (Alaska Apr. 9, 2014).

account.[2]  After remand the court ultimately, following some effort, obtained from Michele necessary documentation reflecting the value of the three different components of her retirement account at the time the parties separated; one component had been discussed at trial but overlooked in the property distribution order.  The court then considered some recent financial information and, consistent with its earlier distribution order, determined that a 50/50 division of the third component was fair and equitable.  The court ordered Michele to submit a qualified domestic relations order evenly dividing the marital share of all three components of her retirement account that had accrued as of the date of separation.

Andrew appeals, arguing that the superior court erred by not sanctioning Michele for delaying production of the retirement account information, by not awarding him a higher percentage of the third retirement account component either as a sanction for Michele's litigation conduct or as an equitable division, and by not ensuring that he received the interest on his share of Michele's retirement account.

"The superior court generally has broad discretion in sanctioning discovery violations . . . ."[3]  That discretion includes the decision not to sanction.  Despite the delay, Michele provided the necessary retirement information.  And more importantly the delay ultimately did not harm Andrew:  he is still entitled to the same portion of the retirement account.  The superior court did not abuse its discretion by declining to sanction Michele.

Andrew did not argue in his first appeal that the superior court's original 50/50 division of the marital estate, including the retirement account, was an abuse of

---

[2]    *Id.* at *3.

[3]    *Stephanie W. v. Maxwell V.*, 319 P.3d 219, 224 (Alaska 2014).

discretion.[4] The parties were aware at the time of trial that the retirement account included three components, although the court did not include the third component in its final division order. Given our limited mandate for the remand, it is not clear to us, and Andrew does not explain, why his argument that the third component now should be divided differently than 50/50 is properly before us. We therefore do not consider this argument or his related argument that the superior court did not have sufficient information about the parties' relative financial positions to equitably divide the retirement account.

Finally, once the qualified domestic relations order is in place so that Andrew's share of Michele's retirement account is identified as of the time of separation, that order should in the normal course state that all interest on Andrew's share will accrue to him from that date until distribution. His stated concern about loss of interest on his share of the retirement account is unfounded.

In light of the foregoing, the superior court's Supplemental Findings of Fact and Conclusions of Law and its Second Supplemental Findings of Fact and Conclusions of Law are AFFIRMED.

---

[4] *See generally Podems*, 2014 WL 1421968.